IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS C. RAY,

        Petitioner,        Civil No. 05-1001-TC

        v.                FINDINGS AND
                         RECOMMENDATION

BRIAN BELLEQUE,

        Respondent.

COFFIN, Magistrate Judge.

Petitioner filed a petition under 28 U.S.C. § 2254 challenging his conviction for Unauthorized Use of a Motor Vehicle.

Respondent's Answer and Response indicates that a direct appeal of petitioner's conviction is pending before the Oregon Court of Appeals. See, Exhibit 103. Petitioner has not sought post-conviction relief. On April 29, 2005, petitioner filed a petition for writ of habeas corpus in Oregon Supreme Court

1 - FINDINGS AND RECOMMENDATION

Case No. S52381, but the court dismissed it sua sponte.  See,
Exhibit 104.

28 U.S.C. § 2254(b)(1)(A) states that an application for
writ of habeas corpus "shall not be granted" unless the
applicant has exhausted the remedies available in the ocurts
of the state.  The only exceptions to this rule are if there
is an absence of available state corrective process, or
circumstances exist that render such process ineffective to
protect the applicant's rights.  28 U.S.C. § 2254(b)(1)(B)(i)-
(ii).   In addition,, 28 U.S.C. § 2254(c) states "[a]n
applicant shall not be deemed to have exhausted the remedies
available in the courts of the State, within the meaning of
this section, if he has the right under the law of the State
to raise, by any available procedure, the question presented.
See also, Rose v. Lundy, 455 509 (1982); O'Sullivan v.
Boerckel, 526 U.S. 838 (1999).

Petitioners must properly exhaust their claims by
presenting them to the state appellate court even if doing so
appears futile. Engleman v. Isaac, 456 U.S. 107 (1982).  The
appropriate time to assess exhaustion issues is when the
federal habeas petition is filed. Brown v. Mass, 11 F.3d 914
(9th Cir. 1993), and the appropriate remedy for habeas claims
that are not exhausted when the petition is filed, is
dismissal without prejudice. Coleman v. Thompson, 501 U.S.

2 - FINDINGS AND RECOMMENDATION

722 (1993).

Petitioner does not dispute that his appeal was pending at the time he filed the petition in this case or that he has not filed a post-conviction proceeding.[1]

Petitioner has not exhausted his state remedies with respect to the claims he raises in this proceeding. Petitioner's Petition should be denied without prejudice and this proceeding should be dismissed.

DATED this $10^{t}$ day of May, 2006

_____
Thomas M. Coffin
United States Magistrate Judge

---

[1]Petitioner has not filed a Reply to Respondent's Answer and Response.

3 - FINDINGS AND RECOMMENDATION